DAY PITNEY LLP
One Jefferson Road
Parsippany, New Jersey 07054-2891
(973) 966-6300

ATTORNEYS FOR Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN WELCH, | : | Civil Action 09-cv-04400 |
| Plaintiff, | : | |
| v. | : | |
| UNITED PARCEL SERVICE, INC. d/b/a UPS, | : | **AFFIRMATION OF WENDY JOHNSON LARIO** |
| | : | |
| Defendant. | : | |

WENDY JOHNSON LARIO of full age, affirms as follows:

1. I am an attorney-at-law of the State of New Jersey, the United States District Courts of the States of New York and New Jersey, and the Second and Third Circuit Courts of Appeals. I am also a member of the law firm of Day Pitney LLP, attorneys for defendant United Parcel Service, Inc. ("UPS"). I submit this Affirmation in support of defendant's motion for summary judgment.

83508421.2

**Documents Referenced in Defendant's Rule 56.1 Statement and Brief in Support of Summary Judgment**

2. Attached hereto as Exhibit 1 is a true and accurate copy of the public Massapequa Pirates' Facebook page current through February 17, 2011.

3. Attached hereto as Exhibit 2 is a true and accurate copy of a memo from Dr. Mark Sherrid to file dated March 29, 2007.

4. Attached hereto as Exhibit 3 is a true and accurate copy of a medical questionnaire filled out by plaintiff dated July 10, 2007.

5. Attached hereto as Exhibit 4 is a true and accurate copy of plaintiff's UPS employee history profile.

6. Attached hereto as Exhibit 5 is a true and accurate copy of a memo from Dan Daly to Jerry McDonough dated August 25, 2000.

7. Attached hereto as Exhibit 6 is a true and accurate copy of a letter from plaintiff to James Kelly of UPS dated September 1, 2000.

8. Attached hereto as Exhibit 7 is a true and accurate copy of a Request for Medical Information form dated September 15, 2005.

9. Attached hereto as Exhibit 8 is a true and accurate copy of an excerpt from a document written by plaintiff and e-mailed to Kevin DiLibero on February 2, 2007.

10. Attached hereto as Exhibit 9 is a true and accurate copy of page 4 from notes kept by Robert Rizzo regarding plaintiff.

11. Attached hereto as Exhibit 10 is a true and accurate copy of a letter from plaintiff to Kevin DiLibero dated October 2006.

12. Attached hereto as Exhibit 11 is a true and accurate copy of the Accommodation Request Activity Log pertaining to plaintiff's 2007 request for accommodation.

13. Attached hereto as Exhibit 12 is a true and accurate copy of a Request for Medical Information form dated July 2007.

14. Attached hereto as Exhibit 13 is a true and accurate copy of a letter from the District Workforce Planning Manager to plaintiff dated July 25, 2007.

15. Attached hereto as Exhibit 14 is a true and accurate copy of an Accommodation Checklist dated July 26, 2007.

16. Attached hereto as Exhibit 15 is a true and accurate copy of Wendy Marshall's memo to file regarding the ADA accommodation checklist meeting of July 26, 2007 held with plaintiff.

17. Attached hereto as Exhibit 16 is a true and accurate copy of a note from Dr. Mark Sherrid.

18. Attached hereto as Exhibit 17 is a true and accurate copy of the relevant portions of Robert Rizzo's notes regarding the CHSP department and plaintiff.

19. Attached hereto as Exhibit 18 is a true and accurate copy of an email from Aetna dated March 18, 2008.

20. Attached hereto as Exhibit 19 is a true and accurate copy of a letter from plaintiff to Robert Rizzo.

21. Attached hereto as Exhibit 20 is a true and accurate copy of the UPS Income Protection Plan summary.

22. Attached hereto as Exhibit 21 is a true and accurate copy of the UPS STD benefits summary.

23. Attached hereto as Exhibit 22 is a true and accurate copy of an email from Aetna dated July 5, 2007.

24. Attached hereto as Exhibit 23 is a true and accurate copy of a memo from Mike Ridolfi to File dated January 4, 2008.

25. Attached hereto as Exhibit 24 is a true and accurate copy of a memo from Mike Ridolfi to File dated January 7, 2008.

26. Attached hereto as Exhibit 25 is a true and accurate copy of a letter from Kevin DiLibero to plaintiff with Request for Medical Information form dated January 9, 2008.

27. Attached hereto as Exhibit 26 is a true and accurate copy of a letter from Dr. Mark Sherrid dated January 10, 2008.

28. Attached hereto as Exhibit 27 is a true and accurate copy of an email from Aetna dated March 18, 2008.

29. Attached hereto as Exhibit 28 is a true and accurate copy of an email from plaintiff to Mike Ridolfi dated January 24, 2008.

30. Attached hereto as Exhibit 29 is a true and accurate copy of handwritten notes from Kevin DiLibero to File dated January 31, 2008.

31. Attached hereto as Exhibit 30 is a true and accurate copy of handwritten notes from Doug Trandiak dated January 31, 2008.

32. Attached hereto as Exhibit 31 is a true and accurate copy of a letter from Kevin DiLibero to plaintiff dated February 4, 2008.

33. Attached hereto as Exhibit 32 is a true and accurate copy of an email from Valerie Ballowe to Irene Gordon dated April 21, 2008.

34. Attached hereto as Exhibit 33 is a true and accurate copy of a letter from Irene Gordon to plaintiff dated May 20, 2008.

35. Attached hereto as Exhibit 34 is a true and accurate copy of a letter from Irene Gordon to plaintiff dated May 20, 2008.

36. Attached hereto as Exhibit 35 is a true and accurate copy of a letter from plaintiff to Irene Gordon dated May 21, 2008.

37. Attached hereto as Exhibit 36 is a true and accurate copy of a UPS employee history profile for plaintiff.

38. Attached hereto as Exhibit 37 is a true and accurate copy of relevant portions of Robert Rizzo's notes regarding the CHSP department and plaintiff.

39. Attached hereto as Exhibit 38 is a true and accurate copy of Doug Trandiak's handwritten notes dated June 9, 2008.

40. Attached hereto as Exhibit 39 is a true and accurate copy of a memo from Chris Travaglia to Steve Wiederhold dated June 10, 2008.

41. Attached hereto as Exhibit 40 is a true and accurate copy of a letter from Irene Gordon to plaintiff dated January 11, 2010.

42. Attached hereto as Exhibit 41 is a true and accurate copy of a letter from Irene Gordon to plaintiff dated March 4, 2010.

43. Attached hereto as Exhibit 42 is a true and accurate copy of the ADA Accommodation Request Activity Log regarding plaintiff's 2010 request for accommodation.

44. Attached hereto as Exhibit 43 is a true and accurate copy of a letter from plaintiff to Dr. Mark Sherrid dated March 10, 2010.

45. Attached hereto as Exhibit 44 is a true and accurate copy of a plaintiff's medical questionnaire dated March 11, 2010.

46. Attached hereto as Exhibit 45 is a true and accurate copy of a letter from the District Workforce Planning Manager to plaintiff dated April 21, 2010.

47. Attached hereto as Exhibit 46 is a true and accurate copy of an ADA Accommodation Checklist dated April 23, 2010.

48. Attached hereto as Exhibit 47 is a true and accurate copy of a memo from Beverly Riddick to Daniel Minesinger dated August 12, 2010.

49. Attached hereto as Exhibit 48 is a true and accurate copy of a letter from Beverly Riddick to plaintiff dated August 19, 2010.

50. Attached hereto as Exhibit 49 is a true and accurate copy of a letter from plaintiff to Kevin DiLibero dated April 20, 2008.

51. Attached hereto as Exhibit 50 is a true and accurate copy of Doug Trandiak's investigation file.

52. Attached hereto as Exhibit 51 is a true and accurate copy of a memo from Kevin DiLibero to File dated June 20, 2008.

53. Attached hereto as Exhibit 52 is a true and accurate copy of a memo from Fred Ausili to Kevin DiLibero dated July 2, 2008.

54. Attached hereto as Exhibit 53 is a true and accurate copy of an email from Irene Gordon to Kevin DiLibero dated January 30, 2009.

55. Attached hereto as Exhibit 54 is a true and accurate copy of an email from plaintiff to Doug Trandiak, Kevin DiLibero, Irene Gordon, Michael Ridolfi and his attorneys dated January 26, 2009.

56. Attached hereto as Exhibit 55 is a true and accurate copy of an facsimile from plaintiff to Dr. Mark Sherrid dated January 26, 2009.

57. Attached hereto as Exhibit 56 is a true and accurate copy of an email from Kevin DiLibero to Dan Daly dated January 26, 2009.

58. Attached hereto as Exhibit 57 is a true and accurate copy of an email from Irene Gordon to Kevin DiLibero dated January 30, 2009.

59. Attached hereto as Exhibit 58 is a true and accurate copy of a letter from Daniel Minesinger to plaintiff dated February 19, 2009.

60. Attached hereto as Exhibit 59 is a true and accurate copy of plaintiff's transcript from his meeting with Dan Daly.

61. Attached hereto as Exhibit 60 is a true and accurate copy of an email from Kevin DiLibero to Irene Gordon dated February 2, 2009.

62. Attached hereto as Exhibit 61 is a true and accurate copy of the UPS Code of Business Conduct.

63. Attached hereto as Exhibit 62 is a true and accurate copy of plaintiff's First Amended Complaint filed on November 17, 2010.

64. Attached hereto as Exhibit 63 is a true and accurate copy of the UPS education assistance program.

65. Attached hereto as Exhibit 64 is are true and accurate copies of the job descriptions for an operations supervisor/manager and non-operations supervisor/manager.

66. Attached hereto as Exhibit 65 is a true and accurate copy of the Charge of Discrimination dated September 26, 2008.

67. Attached hereto as Exhibit 66 is a true and accurate copy of the court's unpublished decision in *Stuevecke v. New York Hospital Medical Center of Queens*, 2003 U.S. Dist. LEXIS 14793 (E.D.N.Y. 2003).

68. Attached hereto as Exhibit 67 is a true and accurate copy of relevant pages from the depositions of plaintiff taken on December 8, 2010 and January 11, 2011.

69. Attached hereto as Exhibit 68 is a true and accurate copy of the First Amended Complaint filed on November 17, 2010.

70. Attached hereto as Exhibit 69 is a true and accurate copy of the court's unpublished decision in *Villanti v. Cold Spring Harbor Central School District, et al.*, 2010 U.S. Dist. LEXIS 85806 (E.D.N.Y. 2010).

71. Attached hereto as Exhibit 70 is a true and accurate copy of the court's unpublished decision in *Taylor v. Lenox Hill Hospital*, 2003 U.S. Dist. LEXIS 5429 (S.D.N.Y. 2003).

72. Attached hereto as Exhibit 71 is a true and accurate copy of the court's unpublished decision in *Garcia v. Department of Correctional Services, New York State*, 2006 U.S. Dist. LEXIS 89061 (S.D.N.Y. 2006).

73. Attached hereto as Exhibit 72 is a true and accurate copy of the court's unpublished decision in *Burgos v. City of Rochester*, 2003 U.S. Dist. LEXIS 22454 (W.D.N.Y. 2003).

74. Attached hereto as Exhibit 73 is a true and accurate copy of relevant pages from the deposition of Mark Sherrid taken on March 8, 2011.

75. Attached hereto as Exhibit 74 is a true and accurate copy of the court's unpublished decision in *Schroeder v. Suffolk County Community College*, 2009 WL 1748869 (E.D.N.Y. 2009).

76. Attached hereto as Exhibit 75 is a true and accurate copy of the court's unpublished decision in *Baerga v. Hospital for Special Surgery*, 2003 U.S. Dist. LEXIS 17201 (S.D.N.Y. 2003).

77. Attached hereto as Exhibit 76 is a true and accurate copy of the court's unpublished decision in *Amos v. Quebecor Printing*, 1997 U.S. Dist. LEXIS 6688, (W.D.N.Y. 1997).

78. Attached hereto as Exhibit 77 is a true and accurate copy of the court's unpublished decision in *EEOC v. Yellow Freight System, Inc.*, 2002 U.S. Dist. LEXIS 16826 (S.D.N.Y. Sept. 9, 2002).

79. Attached hereto as Exhibit 78 is a true and accurate copy of the court's unpublished decision in *Allmond v. Akal Security et al.*, 2007 U.S. Dist. LEXIS 72713 (M.D. Ga., Sept. 28, 2007).

80. Attached hereto as Exhibit 79 is a true and accurate copy of the court's unpublished decision in *Plourde v. Snow*, 2006 U.S. Dist. LEXIS 96040 (E.D.N.Y. June 24, 2006).

81. Attached hereto as Exhibit 80 is a true and accurate copy of the job description for operations supervisor/manager with plaintiff's handwritten annotations.

82. Attached hereto as Exhibit 81 is a true and accurate copy of the court's unpublished decision in *Violette v. IBM*, 1997 U.S. App. LEXIS 13823 (2d Cir. 1997).

83. Attached hereto as Exhibit 82 is a true and accurate copy of the court's unpublished decision in *Godfrey v. N.Y. City Transit Authority*, 2006 U.S. Dist. LEXIS 60985 (E.D.N.Y. Aug. 25, 2006).

84. Attached hereto as Exhibit 83 is a true and accurate copy of relevant pages from the deposition of Irene Gordon taken on February 15, 2011.

85. Attached hereto as Exhibit 84 is a true and accurate copy of relevant pages from the deposition of Kevin DiLibero taken on February 4, 2011.

86. Attached hereto as Exhibit 85 is a true and accurate copy of relevant pages from the deposition of Michael Ridolfi taken on February 9, 2011.

87. Attached hereto as Exhibit 86 is a true and accurate copy of the court's unpublished decision in *Skinner v. City of Amsterdam*, 2010 U.S. Dist. LEXIS 30539 (N.D.N.Y. 2010.

88. Attached hereto as Exhibit 87 is a true and accurate copy of the court's unpublished decision in *Konipol v. Restaurant Associates*, 2002 U.S. Dist. LEXIS 22439 (S.D.N.Y. Nov. 19, 2002).

89. Attached hereto as Exhibit 88 is a true and accurate copy of the court's unpublished decision in *Bresloff-Hernandez v. Horn*, 2007 U.S. Dist. LEXIS 71257 (S.D.N.Y. Sept. 25, 2007).

90. Attached hereto as Exhibit 89 is a true and accurate copy of the court's unpublished decision in *White v. Sears, Roebuck & Co.*, 2009 U.S. Dist. LEXIS 35554 (E.D.N.Y. 2009).

                                              DAY PITNEY LLP
                                              Attorneys for Defendant
                                              United Parcel Service Inc.,

                                        By:   s/ Wendy Johnson Lario
                                                  Wendy Johnson Lario

DATED: May 16, 2011                         A Member of the Firm