UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
JOHN WELCH,

                    Plaintiff,                    Civil Action No. 09-CV-4400
                                                (ADS) (WDW)

     -against-

UNITED PARCEL SERVICE GENERAL
d/b/a UPS,
                    Defendant.
----------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Dated: October 24, 2011

FRANK & ASSOCIATES, P.C.
Peter A. Romero
Rashmee Sinha
500 Bi-County Boulevard, 112N
Farmingdale, New York 11735
(631) 756-0400 Tel.
(631) 756-0547 Fax
promero@laborlaws.com

*Attorneys for Plaintiff*

Plaintiff John Welch, by his attorneys Frank & Associates, P.C, respectfully submits this Memorandum in Support of his motion for attorneys' fees and costs.  On September 23, 2011, the jury returned a unanimous verdict finding in favor of Plaintiff against the Defendant UPS on his claims that UPS unlawfully retaliated against him in violation of the state and city human rights laws and awarded Plaintiff a total of $200,000 in compensatory damages. (See, ECF Doc. 70-16).  In addition, the jury made the following specific findings with respect to Plaintiff's disability discrimination causes of action:

- that Plaintiff proved that he was an individual with a "disability" within the meaning of the New York State Human Rights Law and the New York City Human Rights Law;

- that Plaintiff proved that he was a "qualified individual" within the meaning of the terms as instructed by the Court; and

- that based on all the evidence presented, Plaintiff proved that UPS failed to accommodate him with regard to his disability and required him to work in a significantly more difficult work area which would adversely affect his physical conditions.

Plaintiff is the prevailing party in this case is therefore entitled to attorneys' fees and costs pursuant to the New York City Administrative Code §8-502(f).  This motion seeks attorneys' fees for Plaintiff's counsel's reasonable time and costs expended in this action from its inception through trial.  A substantial amount of time and labor was required to successfully pursue Plaintiff's claims against Defendant in this case.  Plaintiff seeks an award of attorney's fees and costs as follows:

1

| Name | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Neil M. Frank | Partner | $425.00 | 33.75 | $14,343.75 |
| Peter A. Romero | Partner | $400.00 | 246.50 | $98,600.00 |
| Edward Sampel | Associate | $300.00 | 197.75 | $58,325.00 |
| Jose Santiago | Associate | $300.00 | 13.75 | $4,125.00 |
| Rashmee Sinha | Associate | $275.00 | 803.75 | $221,031.25 |
|  |  |  |  |  |
| TOTAL FEES |  |  |  | $396,425.00 |

TOTAL COSTS:      $22,930.14

The amount sought for attorneys' fees is based on contemporaneously kept time sheets.

## **STATEMENT OF FACTS**

Frank & Associates, P.C. was first consulted by Plaintiff in May 2008 and has continued to represent Plaintiff in connection with his claims against Defendant since that time. The hourly rates used to calculate the attorneys' fees in this action are well within the range of hourly rates charged by attorneys litigating employment claims in the Eastern District of New York. Attached as Exhibit C is a Declaration from Steven I. Locke confirming that these hourly rates are consistent with rates charged by employment attorneys in the Eastern District.

Frank & Associates, P.C. practices exclusively in the area of labor and employment law. The attorneys who primarily worked on this action are Neil M. Frank, Peter A. Romero, Rashmee Sinha and Edward Sampel. Mr. Frank graduated from New York Law School in 1963 and has approximately forty (40) years experience practicing labor law. Mr. Frank was generally involved in the more complex elements of this action including litigation strategy. Mr. Romero

graduated from St. John's University School of Law in January 2003, and has practiced almost exclusively in the area of employment law since he was admitted to the New York bar in November 2003.   The Court has found that hourly rates ranging between $300 and $425 and increasing over time for Mr. Romero, and $500 for Mr. Frank, "are reasonable based on the prevailing rates in the district and the firm's experience with employment cases." (See, Findings of Fact and Conclusions of Law of Judge Cogan, dated January 20, 2011, ECF Doc. 70, in the matter of *DeRosa v. National Envelope Corp.*, E.D.N.Y. 06-CV-3425 E.D.N.Y., Romero Dec. Ex. D).

Mr. Frank began his legal career as an associate at the labor and employment firm Jackson, Lewis, Schnitzler & Krupman in 1965.   He was the fifth attorney to be made partner at that firm.   In 1986, Mr. Frank left Jackson Lewis to form Kaufman, Frank, Schneider & Rosenweig, P.C., a firm specializing in labor and employment law.   In or about 1991, he founded Frank & Breslow, P.C., the predecessor firm to Frank & Associates, P.C.   Mr. Frank is admitted to practice in the federal Southern District, Eastern District and Western District Courts of New York; the First Circuit Court of Appeals and Second Circuit Court of Appeals; and the United States Supreme Court.   He has represented hundreds of employees in court cases, most of which have been satisfactorily resolved prior to trial.

Mr. Romero is a partner at Frank & Associates, P.C. and is admitted to practice in the federal Southern District of New York, Eastern District of New York, Second Circuit Court of Appeals and Third Circuit Court of Appeals.   He has represented numerous employees in court cases brought under federal and state anti-discrimination statutes, most of which have been satisfactorily resolved prior to trial.

Mssrs. Frank and Romero have represented employees in cases in which Frank & Associates, P.C. has been appointed class counsel, including hybrid collective and class actions brought to recover unpaid overtime wages under the FLSA and NYLL styled as *Higueros v. New York State Catholic Health Plan, Inc., d/b/a Fidelis Care, Inc.*, E.D.N.Y. 07-CV-0418 (ADS) and *White v. Western Beef, Inc.* et al., E.D.N.Y. 07-CV-2345 (RJD), and in an action asserting claims under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act") styled as *Scaffidi v. I.W. Industries, Inc.*, et al., E.D.N.Y. 05-CV05746 (JS).

Mr. Romero has obtained important favorable rulings in matters upon which he has worked that were reported in the New York Law Journal, including, but not limited to, *Jackson v. New York City Department of Homeless Services*, S.D.N.Y. 03 Civ. 9595 (SAS), which appeared in the April 24, 2007 edition of the NYLJ; *Naqvi v. Computer Associates Int'l Inc.*, which appeared in the January 12, 2009 edition of the NYLJ; *DeRosa v. National Envelope Corp.*, E.D.N.Y. 06-CV-3425, which appeared in the March 1, 2010 edition of the NYLJ; and *Hird-Moorhouse v. Belgian Mission to the United Nations*, 03 Civ. 9688 (RWS), which appeared in the October 18, 2010 edition of the NYLJ.

Edward Sampel is a graduate of Tulane University Law School and has been admitted to practice in New York since 2001. Prior to joining Frank & Associates, P.C. in 2011, Mr. Sampel was an associate at Skadden, Arps, Slate, Meagher & Flom LLP in New York, and was worked for two years in the employment department of the Corporation Counsel for the City of New York. Jose Santiago graduated Fordham Law School in 2004 and was admitted to practice in New York in 2005. After law school, Mr. Santiago worked for two years as an Assistant District Attorney in the Queens County District Attorney's Office. Rashmee Sinha graduated Seton Hall University School of Law and has been admitted to practice in New York since 2009.

**RELEVANT PROCEDURAL HISTORY**

When Plaintiff first retained Frank & Associates, P.C., Plaintiff's counsel contacted UPS on his behalf in an attempt to secure a reasonable accommodation for his disabilities. The firm drafted letters addressed to Kevin Dilibero, which were delivered to him by hand. When counsel's efforts to secure a reasonable accommodation failed, the firm prepared a charge of discrimination on Plaintiff's behalf, which was filed on with the Equal Employment Opportunity Commission ("EEOC") on September 26, 2008. On October 14, 2009, Plaintiff commenced this action with the filing of his Complaint in the district court.

Defendant the retained the law firm Day Pitney LLP to represent it in this matter. According to the firm's profile in Martindale Hubbell, Day Pitney has approximately 375 attorneys in nine offices. The firm represents large national and international corporations, financial institutions, government entities, and individual businesses, and claims to have "one of the largest and most sophisticated practices of its kind in the country." Defendant has been represented throughout this litigation by Wendy Lario, a partner at Day Pitney LLP who was selected to the New Jersey Super Lawyers in the area of labor and employment 2005-2009 and 2011.

Defendant interposed an Answer on November 17, 2009. The initial conference was held January 11, 2010 before Magistrate Judge Wall. Thereafter, the parties took extensive discovery. On March 9, 2010, Plaintiff served his First Set of Interrogatories and his First Request for Production of Documents. Plaintiff served Answers to Defendant's Interrogatories and responded to Defendant's Request for Documents on May 10, 2010. Plaintiff served a second Set of Interrogatories and Document Requests on October 11, 2010. Plaintiff propounded a Third Request for Documents on January 13, 2010 and supplemented his initial production of

documents on February 22, 2011. Document review in this case was extensive. In total, approximately 628 documents were produced by Plaintiff, and approximately 1,808 documents were produced by Defendant.

In addition, the Defendant began the deposition of Plaintiff on December 8, 2010, which was continued on January 11, 2011. Plaintiff took the deposition of Kevin Dilibero (Director of Human Resources) on February 4, 2011; Michael Ridolfi (Health & Safety Manager) on February 9, 2011; and Irene Gordon (District Nurse) on February 15, 2011.

Plaintiff retained an expert witness, Marcia Knight, to provide a report and testimony regarding Plaintiff's emotional distress. Plaintiff's counsel marshaled medical records and deposition transcripts for Dr. Knight's review. Plaintiff's counsel arranged for Plaintiff to be examined by Dr. Knight, who prepared a detailed report and provided testimony at trial.

On or about March 1, 2011, Defendant served a Rule 56.1 Statement that contained 254 separately numbered paragraphs to which Plaintiff was required to respond. Defendant's motion for summary judgment was filed May 16, 2011 and Plaintiff's Opposition papers were filed on June 15, 2011. Defendant's Reply Papers were filed June 27, 2011.

The Court denied Defendant's motion for summary judgment in an Order dated and entered September 2, 2011. That same day, Defendant filed three *in limine* motions which sought to (1) bar certain evidence as time barred; (2) bar the testimony of Plaintiff's psychological expert; (3) bar evidence regarding Plaintiff's non-disabling conditions; (4) bar evidence of alleged discriminatory comments by Jim Kirk; (5) bar medical records not produced during discovery; (6) bar testimony of Jonathan Guest; (7) bar grievances filed by Jonathan Guest on behalf of Plaintiff; (8) bar certain documents upon grounds of authentication; (9) dismiss Plaintiff's claim for economic damages; (10) dismiss Plaintiff's claim for punitive

damages, or in the alternative, to bifurcate punitive damages; (11) dismiss Plaintiff's failure to accommodate claim; (12) dismiss Plaintiff's disability discrimination claim; (13) dismiss Plaintiff's state and city law claims; and (14) dismiss Plaintiff's retaliation claim.

Plaintiff filed papers in opposition to Defendant's *in limine* motions on September 5, 2011 and on September 6, 2011. Jury selection commenced on September 6, 2011 and a nine member jury was empanelled. The Court ruled on Defendant's in limine motions on September 7, 2011. Defendant's motions to exclude certain evidence as time-barred, to exclude evidence related to Plaintiff's non-disabling conditions, and to exclude evidence of economic damagers were resolved by stipulation between the parties. The Court denied Defendant's motion to bar the testimony of Plaintiff's psychological expert; denied Defendant's motion to exclude alleged discriminatory comments of Jim Kirk; denied Defendant's motion to exclude medical notes from Plaintiff's physicians; denied Defendant's motion to exclude the testimony of Jonathan Guest; denied Defendant's motion to dismiss Plaintiff's claim for punitive damages; denied Defendant's request to bifurcate punitive damages; and denied Defendant's motions to dismiss Plaintiff's failure to accommodate claim, disability discrimination claim, state and city law claims and Plaintiff's retaliation claim.

After the Court ruled on Defendant's in limine motions, Plaintiff and Defendant presented opening statements and Plaintiff began the direct examination of John Welch. The trial continued on September 8, 12, 13, 14, 15, 19, and 20 and was submitted to the jury for deliberations on September 21, 2011. On September 23, 2011, the jury returned a unanimous verdict finding in favor of Plaintiff against the Defendant UPS on his claims that UPS unlawfully retaliated against him in violation of the state and city human rights laws and awarded Plaintiff a total of $200,000 in compensatory damages. (See, ECF Doc. 70-16). In addition, the jury made

the following specific findings with respect to Plaintiff's disability discrimination causes of action:

- that Plaintiff proved that he was an individual with a "disability" within the meaning of the New York State Human Rights Law and the New York City Human Rights Law;

- that Plaintiff proved that he was a "qualified individual" within the meaning of the terms as instructed by the Court; and

- that based on all the evidence presented, Plaintiff proved that UPS failed to accommodate him with regard to his disability and required him to work in a significantly more difficult work area which would adversely affect his physical conditions.

However, in a section of the Verdict Sheet entitled "<u>UPS' GOOD FAITH DEFENSE</u>," the jury found that UPS proved that it made a good faith effort to identify and provide Plaintiff with a reasonable accommodation that would allow him to work within his restrictions. The ADA's Good Faith Affirmative Defense set forth in 42 U.S.C. §1981a(a) (3) is a limitation on damages only, and if proven, does not mean that Defendant did not violate the statute by failing to make reasonable accommodation. By its plain terms, the provision merely limits the damages recoverable in certain ADA cases and does not address the employer's overall liability. *Garza v. Abbott Laboratories*, 940 F.Supp. 1227, fn. 18 (N.D.Ill. 1996).

As a result, the jury did not award Plaintiff damages on his disability discrimination claims under the State HRL and City HRL. Therefore, on September 21, 2011, Plaintiff filed a motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, limited only to the assessment of damages on his disability discrimination causes of action, upon the grounds that the ADA's Good Faith Affirmative Defense is not available under state and city human rights law.

8

## ARGUMENT

### Plaintiff Is Entitled To A Reasonable Attorneys' Fee

The purpose of statutory fee shifting is to "encourage the bringing or meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001). Therefore, a prevailing party is presumptively entitled to recover attorney's fees absent "special circumstances [that] would render an award unjust." Id.

Here, Plaintiff is unquestionably a prevailing party entitled to an award of reasonable attorneys' fees. A prevailing party is one who obtains direct benefit from an enforceable judgment that provides "relief on the merits" of the party's claim. *Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566 (1992). After an eight day trial, the jury returned a unanimous verdict finding in favor of Plaintiff against the Defendant UPS on his claims that UPS unlawfully retaliated against him in violation of the state and city human rights laws and awarded Plaintiff a total of $200,000 in compensatory damages. The jury also found that that based on all the evidence presented, Plaintiff proved that UPS failed to accommodate him with regard to his disability and required him to work in a significantly more difficult work area which would adversely affect his physical conditions.

This was not a case in which the likelihood or ease of success rendered the case sufficiently attractive to prospective counsel that an award of attorney's fees is an unnecessary incentive. Indeed, during the charge conference the Court noted that this was a difficult case because Plaintiff never lost his employment, he never lost any pay and he continues to be employed with UPS. (TR. 1222). Moreover, Defendant retained the law firm Day Pitney LLP to represent it in this matter. According to the firm's profile in Martindale Hubbell, Day Pitney

9

has approximately 375 attorneys in nine offices. The firm represents large national and international corporations, financial institutions, government entities, and individual businesses, and claims to have "one of the largest and most sophisticated practices of its kind in the country." UPS has been represented throughout this litigation by Wendy Lario, a partner at Day Pitney who has been selected to the New Jersey Super Lawyers in the area of labor and employment 2005-2009 and 2011.

Frank & Associates, P.C. had no interest in this case independent of Plaintiff's interest. The firm agreed to be paid on a contingent rather than hourly basis and advance the costs of the litigation against any recovery. Without the possibility of fee-shifting, it is unlikely Mr. Welch would have found counsel willing to prosecute his claim in light of the substantial time and resources required to litigate a disability discrimination claim against UPS, especially since Plaintiff had no economic damages. Thus, an award of attorneys' fees in this case furthers the legislative aim of providing individuals whose civil rights have been denied "effective access to the judicial process." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933 (1983).

The Second Circuit uses the "presumptively reasonable fee" to determine reasonable attorneys' fees. The presumptively reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 187 (2d Cir. 2007). The "presumptively reasonable fee" is the "rate a paying client would be willing to pay." Id. at 190.

**The Hourly Rates Used To Calculate Plaintiff's Attorneys' Fee Are Reasonable**

Plaintiff seeks attorney's fees using the hourly rates of $425 for partner Neil M. Frank; $400 for lead counsel Peter A. Romero; $300 for associate Edward Sampel; $300.00 for associate Jose Santiago; and $275 for associate Rashmee Sinha. These rates are consistent with

recent attorney's fees awards in the Eastern District of New York. See, *Luca v. County of Nassau*, 698 F.Supp.2d 296, 301 (E.D.N.Y. 2010) ($400 per hour was reasonable rate for plaintiff's attorney in civil rights case), *citing* Morgenstern v. County of Nassau, 04-CV-58, 2009 WL 5103158, at *16-18 (E.D.N.Y. Dec. 15, 2009) (awarding $400 per hour in a civil rights case) and *Rodriguez v. Pressler & Pressler, LLP*, 06-CV-5103, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009) (awarding civil rights attorney $450 per hour). In *Brady v. Wal-Mart Stores, Inc.*, 455 F.Supp.2d 157 (E.D.N.Y. 2006), a disability discrimination case brought under the ADA and NYHRL, the Court awarded partners an hourly rate of $350. However, *Brady* was decided more than five years ago and the Court is required to award attorney's fees at the current rate, not a historical one. *Lochren v. County of Suffolk*, 2009 WL 2778431 (2d Cir. Sept. 3, 2009). When reviewing caselaw that comments on prevailing market rates, "a court must take into account the rapidity with which such rates can rise." *Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp.*, 215 F.R.D. 60, 63 (E.D.N.Y. 2003).

This Court has found that hourly rates ranging between $300 and $425 and increasing over time for Mr. Romero, and $500 for Mr. Frank, "are reasonable based on the prevailing rates in the district and the firm's experience with employment cases." (See, Findings of Fact and Conclusions of Law of Judge Cogan, dated January 20, 2011, ECF Doc. 70, in the matter of *DeRosa v. National Envelope Corp.*, E.D.N.Y. 06-CV-3425 E.D.N.Y., Romero Dec. Ex. D). Moreover, as indicated by the Declaration of Steven I. Locke, an attorney who litigates employment law cases in the Eastern District of New York, the rates Plaintiff seeks are consistent with the prevailing market in the community. (Romero Dec. Ex. C).

The fees requested are reasonable in light of the success that Frank & Associates, P.C. achieved for Mr. Welch. The jury found that UPS failed to provide reasonable accommodation

11

for Plaintiff's disability. But for its finding in favor of Defendant on the ADA's Good Faith Affirmative Defense, the jury would have likely awarded Plaintiff damages on his disability discrimination claims under State HRL and City HRL. Plaintiff has filed a motion pursuant to Rule 59 for a new trial, solely on the issue of damages on his disability discrimination causes of action under state and city law, upon the grounds that a Good Faith Affirmative Defense is not available under either the State HRL or the City HRL.

This case has taken more than three years to litigate since Plaintiff filed his charge of discrimination with the EEOC on September 26, 2008. Plaintiff had to oppose a motion for summary judgment and three written *in limine* motions. The level of skill required was high since Defendant retained Day Pitney, LLP to represent it. According to the firm's profile in Martindale Hubbell, Day Pitney has approximately 375 attorneys in nine offices. The firm represents large national and international corporations, financial institutions, government entities, and individual businesses, and claims to have "one of the largest and most sophisticated practices of its kind in the country." UPS has been represented throughout this litigation by Wendy Lario, a partner at Day Pitney who has been selected to the New Jersey Super Lawyers in the area of labor and employment 2005-2009 and 2011.

The result obtained by Plaintiff's counsel was a success, including an award of $200,000 in compensatory damages. The case was undesirable from its inception because it required litigating against a very large corporation with unlimited resources at its disposal. Despite the fact that a substantial settlement or judgment was very unlikely, given the fact that Plaintiff continued to be employed by UPS and had no economic damages, Frank & Associates, P.C. agreed to represent Plaintiff on a contingency basis. For all of these reasons, Plaintiff's motion should be granted with respect to the hourly rates he seeks for his attorneys' fees.

12

## The Amount of Time Plaintiff's Counsel Spent Litigating This Case Was Reasonable

Plaintiff's counsel should be compensated for all the time it spent litigating this case. In determining the number of hours reasonably expended for the purposes of calculating the presumptively reasonable attorney's fee, "the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Any party that seeks a downward departure from the fee bears the burden of proving that the departure is necessary. *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992). Moreover, "[i]t is well established that, in reviewing voluminous fee applications, it is unrealistic to expect courts to evaluate and rule on every entry in an application. Along these lines, the Supreme Court has cautioned that a request for attorneys' fees should not turn into a second major litigation." *Wise v. Kelly*, 620 F.Supp.2d 435, 442 (S.D.N.Y. 2008).

As documented in counsel's timesheets, Frank & Associates, P.C. has spent 1,295.50 hours on this case so far. The time was reasonably spent on the various tasks indicated and the records were kept in a contemporaneous fashion. Accordingly, these hours should be used in the calculation of Plaintiff's reasonable attorneys' fee, and Plaintiff's motion for fees in the total amount of $396,425.00 should be granted.

## Plaintiff Should Be Awarded His Reasonable Costs

Plaintiff should also be awarded compensable costs in connection with this case as detailed in the Romero Declaration at Exhibit B. The costs and out-of-pocket expenses are the type routinely billed by Frank & Associates, P.C. to the firm's clients and are necessary items incurred during the litigation process. See, *Reichman v. Bonsignore, Brignati & Manzzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987). Plaintiff respectfully requests costs in the total amount of $22,930.14.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion an enter an Order awarding attorneys' fees in the amount of $396,425.00, and costs in the amount of $22,930.14, a total of $419,355.14, and such other relief as the Court deems just, equitable and proper.

Dated: Farmingdale, New York
      October 24, 2011

                        *Respectfully submitted,*

                        FRANK & ASSOCIATES, P.C.

By:      _____s/_____
                        Peter A. Romero
                        500 Bi-County Boulevard, 112N
                        Farmingdale, New York 11735
                        (631) 756-0400 Tel.
                        (631) 756-0547 Fax
                        Promero@laborlaws.com

                        *Attorneys for Plaintiff*

14