# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

### DOCUMENT FILED ELECTRONICALLY

JOHN WELCH,                                          :

      Plaintiff,                                  :    Civil No. 09-cv-04400

                          :

v.

UNITED PARCEL SERVICE, INC. d/b/a                   :
UPS,
                                                    :

      Defendant.                                  :

_____

## DEFENDANT'S BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION FOR ATTORNEYS FEES
## AND COSTS

_____.

Wendy Johnson Lario
Kristy L. Grazioso
Day Pitney LLP
7 Times Square
New York, New York 10036
(212) 297-2451

Attorneys for Defendant
United Parcel Service, Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ....................................................................................................................1

I.      PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES MUST BE DENIED.................1

    A.      The NYCHRL Does Not Apply to Plaintiff's Claim of Retaliation.....................1

II.     PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES MUST BE REDUCED.............3

    A.      The Applicable Standard for an Award of Attorneys' Fees................................3

    B.      Plaintiff Is Not Entitled to Pre-Litigation Fees....................................................4

    C.      The Reasonable Hourly Rate ...........................................................................5

        i.       Peter Romero............................................................................................6

        ii.      Rashmee Sinha .........................................................................................9

        iii.     Mr. Sampel and Mr. Santiago ..................................................................9

    D.      Plaintiff's Counsel Cannot Be Compensated at Their Full Hourly Rate for Travel Time ...................................................................................................11

    E.      Plaintiff Is Not Entitled To Fees Attributable To Entries That Are Excessive or Not Sufficiently Specific And Detailed.........................................12

    F.      Plaintiff is Not Entitled to an Award of Attorneys' Fees for Non-Legal Tasks .........................................................................................................15

    G.      Plaintiff is Not Entitled to a Full Fee Award Based Upon His Limited Success in this Litigation.................................................................................16

CONCLUSION................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACE Ltd. v. CIGNA Corp.*,
2001 U.S. Dist. LEXIS 17014 (S.D.N.Y. Oct. 22, 2001) .................................................... 10

*Baker v. Litton Loan Servicing LP*,
2011 U.S. Dist. LEXIS 88538 (E.D.N.Y. Aug. 10, 2011) .................................................. 11

*Barfield v. N.Y. City Health & Hosp. Corp.*,
537 F. 3d 132 (2d Cir. 2008) ................................................................................ 18

*Barfield v. N.Y. City Health & Hosps. Corp.*,
537 F.3d 132 (2d Cir. 2008) ................................................................................. 12

*Beebe v. New York Times Co.*,
666 F. Supp. 2d 321 (E.D.N.Y. 2009) ...................................................................... 2

*Brady v. Wal-Mart Stores, Inc.*,
455 F. Supp. 2d 157 (E.D.N.Y 2006) ....................................................................... 6

*Creighton v. Dominican College*,
2011 U.S. Dist. LEXIS 119374 (S.D.N.Y. Aug. 16, 2011) .............................................. 15

*Diaz v. Paragon Motors of Woodside, Inc.*,
2007 U.S. Dist. LEXIS 73230 (E.D.N.Y. Sept. 28, 2007) ...................................... 4, 7, 15, 18

*Dzugas-Smith v. Southold Union Free Sch. Dist.*,
2010 U.S. Dist. LEXIS 101750, 2010 WL 3852003 (E.D.N.Y. Sept. 27, 2010) .................. 12

*Estrella v. P.R. Painting Corp.*,
569 F. Supp. 2d 723 (E.D.N.Y. 2009) ....................................................................... 5

*Fried v. LVI Servs., Inc.*,
No. 10 Civ. 9308, 2011 U.S. Dist. LEXIS 115839 (S.D.N.Y. Oct. 4, 2011) ......................... 2

*Guardado v. Precision Fin., Inc.*,
2008 WL 822105 (E.D.N.Y. Mar. 25, 2008) ................................................................ 7

*Guidenone Specialty Mutual Ins. Co. v. Congregation Adas Yereim*,
2009 WL 3241757 (E.D.N.Y. Sept 30., 2009) ............................................................. 7

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) .................................................................................. 4, 12, 17

*Hoffman v. Parade Publs.*,
  15 N.Y.3d285 (2010) ........................................................................................ 2

*Jackson v. Scotts Co.*,
  2008 U.S. Dist. LEXIS 32710 (S.D.N.Y. Mar. 27, 2008) ..................................... 2

*Johnson v. Georgia Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) ............................................................................ 5

*Kauffman v. Maxim Healthcare Servs*,
  2008 U.S. Dist. LEXIS 77855 (E.D.N.Y. 2008) ................................................... 3

*Kirsch v. Fleet Street, Ltd.*,
  148 F.3d 149 (2d Cir. 1998) ............................................................................. 12

*Konits c. Valley Stream Cent'l High Sch.*,
  350 Fed. Appx. 501 (2d Cir. 2009) ................................................................... 17

*Levy v. Powell*,
  2005 U.S. Dist. LEXIS 42180, 2005 WL 1719972 (E.D.N.Y. July 22, 2005)....... 13

*Lijoi v. Contintental Cas. Co. of Chi. & Forbes, Inc.*,
  2009 U.S. Dist. LEXIS 130990 (E.D.N.Y. Nov. 17, 2009) ................................. 12

*Manzo v. Sovereign Motor Cars, Ltd.*,
  2011 U.S. Dist. LEXIS 46036 (May 11, 2010) ...................................... 3, 4, 6, 12

*Melnick v. Press*,
  2009 U.S. Dist. LEXIS 77609 (E.D.N.Y. Aug. 28, 2009) ..................................... 7

*Moore v. Houlihans*,
  2011 U.S. Dist. LEXIS 64452 (E.D.N.Y. 2011)........................................... 5, 7, 9

*Olsen v. County of Nassau*,
  2010 U.S. Dist. LEXIS 5915 (E.D.N.Y. Jan. 26, 2010)......................................... 9

*Olsen v. County of Nassau*,
  2010 U.S. Dist. LEXIS 5915 (E.D.N.Y. Jan. 26, 2010)......................................... 9

*Orthopedic Assocs. of 65 Pa. Ave. v. Sedor*,
  2011 U.S. Dist. LEXIS 103546 (N.D.N.Y Sept. 12, 2011).................................. 12

*Patterson v. Balsamico*,
  440 F.3d 104 (2d Cir. 2006) ............................................................................... 7

*Wise v. Kelly*,
  620 F. Supp. 2d 435 (S.D.N.Y. 2008) ............................................................... 12

**STATUTES**

N.Y.C. Admin. Code §§ 8-107(1)(a) ...........................................................................................1

N.Y.C. Admin. Code. § 8-502(f) ................................................................................................4

## PRELIMINARY STATEMENT

UPS submits this memorandum of law in opposition to plaintiff's post-trial motion for attorneys' fees and costs.

As an initial matter, the verdict in favor of plaintiff as to his NYCHRL claim cannot stand as a matter of law.  As discussed in UPS' post-trial motion for judgment as a matter of law on this issue, plaintiff felt no impact from UPS' alleged retaliation within New York City as required by the NYCHRL.  Accordingly, plaintiff's claim of retaliation (and failure to accommodate) under the NYCHRL must be dismissed.

Stripping away the inapplicable NYCHRL claim, the remaining jury verdict represents a finding of retaliation in violation of the NYSHRL.  Accordingly, dismissal of plaintiff's claims under the NYCHRL renders this motion improper because the NYSHRL does not provide for attorneys fees. Therefore, plaintiff's motion for attorneys' fees must be denied in its entirety.

Plaintiff's motion for attorneys' fees must also be denied because he has not demonstrated the reasonableness of his counsels' proposed hourly rates and fees.  Moreover, certain fees requested by plaintiff are unreasonable.

## ARGUMENT

### I.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES MUST BE DENIED.

#### A.    The NYCHRL Does Not Apply to Plaintiff's Claim of Retaliation

As discussed in UPS' post-trial motion seeking judgment as a matter or law, a new trial and/or remittitur, there is no legally sufficient basis from which a reasonable jury could have found that UPS violated the NYCHRL.  The NYCHRL deems it illegal for an employer to discriminate against an employee because of a disability.  *See* Administrative Code of City of NY § 8-107(1)(a).  However, the

territorial application of the NYCHRL is narrow. "The NYCHRL expressly limits the applicability of its protections to acts that occur within the boundaries of New York City." *Fried v. LVI Servs., Inc.*, No. 10 Civ. 9308, 2011 U.S. Dist. LEXIS 115839, at *40-41 (S.D.N.Y. Oct. 4, 2011). Accordingly, non-residents of New York City, like plaintiff, may only avail themselves of the protections of the NYCHRL by establishing "that the alleged discriminatory conduct had an 'impact' within the city." *Hoffman,* 933 N.E.2d at 746.

Here, it is undisputed that plaintiff is a non-resident of New York City because he lives in Commack, Long Island, outside the five boroughs. (Tr. 9/7/11: 80:20-21). Thus, pursuant to *Hoffman*, plaintiff was required to establish that he felt the impact of UPS's alleged retaliation or failure to accommodate within New York City. As outlined in UPS' post-trial motion, no evidence exists in the record to support such a finding by the jury. Therefore, plaintiff is not entitled to an award of attorneys' fees pursuant to the NYCHRL.

In the absence of plaintiff's claims under the NYCHRL, his remaining claim is for retaliation under the New York State Human Rights Law ("NYSHRL"). At trial, the jury found for plaintiff on this claim. However, the NYSHRL does not permit the recovery of attorneys' fees. *Beebe v. New York Times Co.*, 666 F. Supp. 2d 321, 330 (E.D.N.Y. 2009) (noting punitive damages and attorneys' fees are not available under NYSHRL); *Jackson v. Scotts Co.*, 2008 U.S. Dist. LEXIS 32710 (S.D.N.Y. Mar. 27, 2008) (after dismissal of claims under NYCHRL because of lack of significant impact within New York City, punitive damages and attorneys' fees not available when NYSHRL sole remaining claim). Accordingly, the Court must deny plaintiff's motion for attorneys' fees.

## II.   PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES MUST BE REDUCED

The proposed hourly rates for plaintiff's attorneys, Mr. Romero, Mr. Frank, Mr. Sampel, Mr. Santiago and Ms. Sinha exceed the rates in this District and must be reduced.  In addition, the time spent on various pre-litigation tasks must be omitted because the NYCHRL does not permit an award of fees prior to commencement of an action.  Travel time was improperly requested at full billing rates rather than half those amounts as required in this District.  Plaintiff also seeks an award for many time entries that contain no billing detail whatsoever and therefore must be excluded from consideration. In addition, the requested fee award must be reduced to reflect the limited success achieved at trial.

Plaintiff seeks an award of costs and attorneys' fees in the total amount of $427,132.45.  In the fee application, Peter Romero, Esq., plaintiff's counsel, seeks to be compensated for 246.50 hours of legal work at the rate of $400.00 per hour.  Mr. Romero also seeks compensation for 33.75 hours of work for Neil M. Frank at a rate of $425.00 per hour;  197.75 hours per work at a rate of $300.00 per hour for Edward Sampel; 13.75 hours of legal work at a rate of $300.00 per hour for Jose Santiago; and 803.75 hours of legal work at a rate of $275.00 per hour for Rashmee Sinha.  Mr. Romero also seeks to be reimbursed for $30,707.45 in costs.

### A.   The Applicable Standard for an Award of Attorneys' Fees

Plaintiff bears the burden of establishing the reasonableness of the hours worked and the rates claims.  *Manzo v. Sovereign Motor Cars, Ltd.*, 2011 U.S. Dist. LEXIS 46036, at *24 (May 11, 2010) (citing *Blum v. Stenson*, 465 U.S. 886, 895, n. 11 (1984)). Plaintiff can meet this burden by "supporting [his] claim by accurate, detailed, and contemporaneous records." *Kauffman v. Maxim Healthcare Servs*, 2008 U.S. Dist. LEXIS 77855, at *11 (E.D.N.Y. 2008).

The first step in determining a reasonable fee is to calculate the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Manzo*, 2011 U.S. Dist. LEXIS 46036, at *24. The District Court is afforded broad discretion in assessing a reasonable fee to be awarded and must base any award on the particular circumstances of the case. *Hensley v. Eckerhart*, 461, U.S. 424, 437 (1983). In *Hensley*, the Supreme Court stated that the district court should exclude from this initial fee calculation any hours that were not "reasonably expended," as follows:

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that were excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.*

### B.    <u>Plaintiff Is Not Entitled to Pre-Litigation Fees</u>

Plaintiff's petition for attorney's fees is based exclusively upon the NYCHRL. The NYCHRL provides that:

> In any civil action commenced pursuant to this section, the court, in its discretion, may award the prevailing party costs and reasonable attorney's fees. For the purposes of this subdivision, the term "prevailing" includes a plaintiff whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor.

N.Y. Admin. Code. § 8-502(f). The term "civil action" refers to litigation and limits recovery to work "performed by an attorney <u>after</u> the filing of a complaint." *Diaz v. Paragon Motors of Woodside, Inc.,* 2007 U.S. Dist. LEXIS 73230, 30-31 (E.D.N.Y. Sept. 28, 2007) (emphasis added). Plaintiff filed his initial Complaint in this matter on October 14, 2009 (docket entry #1).

Accordingly, any work prior to this date is not recoverable.  *Id.*  This results in an approximate reduction to plaintiff's fee award of $27,131.25 (or $16,925 utilizing the permitted rates in this District as discussed below).

### C.   The Reasonable Hourly Rate

"A 'reasonable' hourly rate is what a paying client would pay, taking into account all of the case-specific factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases." *Id.* (citing *Johnson*, 488 F.2d at 717-19).

"In this District, approved 'hourly rates for attorneys . . . have normally ranged from $200 to $350 an hour for partners, $200 to $250 for senior associates with four or more years of experience, $100 to $150 an hour for junior associates with one to three years of experience, and $70 to $80 for legal assistants.'" *Moore*, 2011 U.S. Dist LEXIS 64452, at *27 (quoting *Eu Yan Sang Intern. Ltd. v. S&M Enters. (USA) Enterprise Corp.*, No. 09-CV04235, 2010 U.S. Dist. LEXIS 99836, at *7 (E.D.N.Y. Sep. 8, 2010), *adopted by* 2010 U.S. Dist. LEXIS 99796 (E.D.N.Y. Sep. 23, 2010)).   In fact, this Court recently awarded $250 per hour for a partner. *Estrella v. P.R. Painting Corp.*, 569 F. Supp. 2d 723 (E.D.N.Y. 2009).

      i.     <u>Peter Romero</u>

Mr. Romero seeks to be compensated for legal work at a rate of $400 per hour. This rate is unjustified given Mr. Romero's level of skill and experience. Mr. Romero asserts that he is a partner at the firm of Frank & Associates, P.C. and demands a partner-rate. However, Mr. Romero has only been practicing law for 8 years and, in fact, is listed as an "Associate," not a partner, on the website of Frank & Associates, P.C. http://www.laborlaws.com/Attorneys/index.htm. Mr. Romero did not serve as a judicial law clerk and does not have any known industry distinctions or commendations. Given Mr. Romero's limited years of experience, his requested rate of $400 per hour is excessive. Mr. Romero's rate should be in line with a Senior Associate or Junior Partner, at best.

Plaintiff's counsel relies on *Brady v. Wal-Mart Stores, Inc.,* 455 F. Supp. 2d 157 (E.D.N.Y 2006) for the proposition that a reasonable hourly rate for a partner is $350 per hour. (Pl's Br. 11). Plaintiff's counsel goes on to argue that this rate should be increased given the span of time between the decision in *Brady* in 2006 and today. However, due to the economic climate in the New York metropolitan area from 2007 until today, there is no indication that legal fees have been rising during this time period. Additionally, plaintiff's counsel provides no evidence to suggest that market rates have made any such increase. Furthermore, *Brady,* along with the balance of cases cited by plaintiff, was litigated and decided in the Brooklyn, New York vicinage of the E.D.N.Y, not Central Islip. Even Judge Cogan's Findings of Facts and Conclusions of Law, dated January 20, 2011, which awards Mr. Romero and Mr. Frank $300 and $425 respectively was decided in the Brooklyn vicinage, notably without any significant analysis or opposition. These rates are not binding on this matter.

The Second Circuit maintains the "forum rule," which requires courts to "award fees at the going rate in the district in which the court sits unless a reasonable paying client would pay more to hire an

attorney from outside the district." *Manzo*, 2011 U.S. Dist. LEXIS 46036 (citing *Lochren v. Cnty. Of Suffolk*, 344 Fed. Appx. 706, 708 (2d Cir. 2009)). Cases decided in the Brooklyn vicinage award hourly rates in excess of those awarded in Central Islip. Hourly rates must be decided by an examination of the prevailing rate "within the relevant community." *Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006). The close geographic proximity of Brooklyn in the E.D.N.Y. to Manhattan in the S.D.N.Y often results in higher hourly fees on average. *Diaz*, 2007 U.S. Dist. LEXIS 73230, at * 14 (applying S.D.N.Y rates to case in Brooklyn vicinage based upon geographic proximity).

Given prevailing rates in the Central Islip vicinage of E.D.N.Y., Mr. Romero's work should be compensated at an hourly rate of $250 per hour. *Moore v. Houlihans*, 2011 U.S. Dist. LEXIS 64452 (E.D.N.Y. 2011) (Brooklyn) (partners with 10+ years experience compensated at $325 per hour and junior partners with 7 years of experience compensated at $300 per hour); *Guidenone Specialty Mutual Ins. Co. v. Congregation Adas Yereim*, 2009 WL 3241757 (E.D.N.Y. Sept 30., 2009) (Brooklyn) (awarding $275 per hour to two partners with 25 years experience and $125 per hour for a junior associate); *Guardado v. Precision Fin., Inc.*, 2008 WL 822105 (E.D.N.Y. Mar. 25, 2008) (Central Islip) (reducing partners rate to $325 per hour and rates of two associates to $150 and $165 per hour); *Melnick v. Press*, 2009 U.S. Dist. LEXIS 77609, at *9 (E.D.N.Y. Aug. 28, 2009) (Central Islip) ($200-$375 per hour prevailing district rate for partners and $100-$295 per hour for associates.).

In further support of his fee petition, Mr. Romero relies upon the Declaration of Stephen Locke. Mr. Locke contends that $400 per hour is a reasonable rate for Mr. Romero based upon Mr. Locke's hourly rate of $450 per hour. However, Mr. Locke's Declaration does not support a $400 per hour fee for Mr. Romero. Mr. Locke has been practicing 10 years longer than Mr. Romero and is a partner in a Manhattan based law firm. Mr. Locke also served as a federal court law clerk before entering private practice. Mr. Romero has no similar experience. Mr. Locke cites to no cases from the E.D.N.Y in

which he was awarded $450 per hour as a reasonable rate or any other justification for awarding Mr. Romero $400 per hour.

Similarly, Mr. Romero attempts to rely upon the belatedly produced Declaration of Salvatore G. Gangemi. Like Mr. Locke, Mr. Gangemi is also a partner practicing at a law firm located in Manhattan, not Long Island. Also like Mr. Locke and unlike Mr. Romero, Mr. Gangemi has been practicing for 18 years – a decade longer than Mr. Romero. Mr. Gangemi was also recognized as a Super Lawyer in 2009, 2010 and 2011 and selected for inclusion in The Best Lawyers in America for 2011 and 2012. Mr. Gangemi also served as the Chair of the Employment Law Committee of the Trial Lawyers Section of the New York State Bar Association in 2008. Mr. Romero does not possess any similar distinctions.

Mr. Gangemi asserts that his hourly rate is $450 per hour. However, Mr. Gangemi cites to no E.D.N.Y case law in which he was provided such an hourly rate nor does he provide any justification for awarding Mr. Romero $400 per hour. The Declarations of Mr. Gangemi and Mr. Locke only further demonstrate that Mr. Romero's requested rate of $400 per hour is excessive. Mr. Romero has significantly less experience than both declarants and practices in Farmingdale, NY, not New York City.

Further establishing the need for a reduction in Mr. Romero's hourly rate is the Declaration of Troy L. Kessler, belatedly submitted by Mr. Romero. Mr. Kessler is a partner at a law firm located in Melville, New York and Mr. Kessler states that he receives an hourly rate of $400 per hour. Unlike Mr. Romero, however, Mr. Kessler has been practicing law for approximately 15 years. Mr. Kessler also serves on the Executive Board of the Labor and Employment Committee of the New York State Bar Association. Given Mr. Kessler's rate, the rate for Mr. Romero – an associate with eight years of experience in the same geographic area – a rate of $250 per hour is appropriate given prevailing case law.

ii.     Rashmee Sinha

Ms. Sinha graduated from Seton Hall University School of law in 2007 and has been admitted to practice law in New York since 2009.  Ms. Sinha has only four years of legal experience, only two of which have been within the area of labor and employment law.  Prior to joining Frank & Associates, Ms. Sinha was an associate at the New Jersey law firm of Roger L. Fidler, specializing in securities law, business law and patents and technology.  http://www.martindale.com/Roger-L-Fidler/1090494-law-firm-office.htm.  Given Ms. Sinha's limited experience, an hourly rate of $275 is excessive.  Moreover, numerous entries within the time-sheets charge Ms. Sinha's time at $300.00 per hour.  Given prevailing law in this district, a reasonable hourly rate for Ms. Sinha is $100 per hour. *Olsen v. County of Nassau*, 2010 U.S. Dist. LEXIS 5915 (E.D.N.Y. Jan. 26, 2010) (Central Islip) (awarding hourly rate of $200 for associate with 7 years of experience and awarding hourly rate of $100 per hour for a junior associate); *see also, Moore,*, 2011 U.S. Dist. LEXIS 64452 (E.D.N.Y. 2011) (Central Islip) (hourly rate for associates with 4 years of relevant experience is $175 per hour). Accordingly, Ms. Sinha's time must be billed at a rate of $100 per hour.

iii.     Mr. Sampel and Mr. Santiago

Plaintiff's fee application seeks an hourly rate of $300 for Mr. Sampel and Mr. Santiago – both associates at Frank & Associates.  Mr. Sampel has been practicing law for 10 years and Mr. Santiago for 7.  Given prevailing law in this district, an appropriate hourly rate for these associates is $200 per hour. *See Olsen v. County of Nassau*, 2010 U.S. Dist. LEXIS 5915 (E.D.N.Y. Jan. 26, 2010) (awarding hourly rate of $200 for associate with 7 years of experience and awarding hourly rate of $100 per hour for a junior associate).

Accordingly, given the rates in this District, UPS proposes the following hourly rates for plaintiff's attorneys:

| Name | Position | Hourly Rate |
|------|----------|-------------|
| Neil M. Frank | Partner | $425.00 |
| Peter A. Romero | Senior Associate | $250.00 |
| Edward Sampel | Associate | $200.00 |
| Jose Santiago | Associate | $200.00 |
| Rashmee Sinha | Associate | $100.00 |

Utilizing UPS' proposed reasonable rates, plaintiff's fee award, before additional deductions discussed below, begins at $198,643.75.   Reducing pre-litigation fees, as discussed above, brings plaintiff's proposed fee petition to $181,718.75.

Further reduction of the overall fee award is justified by Mr. Sampel's presence during the entire trial. *ACE Ltd. v. CIGNA Corp.*, 2001 U.S. Dist. LEXIS 17014 (S.D.N.Y. Oct. 22, 2001) (reduction appropriate for over-staffing).  Mr. Sampel literally took the testimony of one minor witness (Jonathan Guest), yet he attended the entire trial. The time spent by Mr. Sampel outside of the date that his witness was questioned was redundant, excessive and unnecessary, and likely used to give Mr. Sampel trial training and exposure.  Plaintiff was exclusively represented by Mr. Romero and Ms. Sinha throughout the litigation and should have been at trial.  The addition of a third associate who sat and observed at

trial was not necessary and is not compensable.  UPS presented testimony from nine-witnesses during trial and did so with only two attorneys at counsel table, both of whom equally conducted examinations. Mr. Sampel's time for trial attendance must be removed from the fee petition.  Excluding the 8 hours of trial attendance on September 12, 2011, the date of Mr. Guest's testimony, 88 hours must be removed from Mr. Sampel's time for unnecessary trial attendance. This results in a deduction of $17,600 (88 hours at $200 per hour) from plaintiff's proposed fee petition.  This brings plaintiff's proposed fee petition to $164,118.75.

> **D.**     **Plaintiff's Counsel Cannot Be Compensated at Their Full Hourly Rate for Travel Time.**

In this Circuit, it is well-settled that attorneys' fees for time spent for travel is reduced by fifty-percent. *Baker v. Litton Loan Servicing LP,* 2011 U.S. Dist. LEXIS 88538 (E.D.N.Y. Aug. 10, 2011) (collecting cases).  UPS proposes that the following entries be billed at the rate of travel which is $50 per hour for Ms. Sinha:

1. 1/11/10 – R. Sinha - Travel to Cl.  *Reduce 0.5 hours to travel rate, resulting in fee of $25.00* .
2. 1/11/10 – R. Sinha – Travel from Cl. *Reduce 0.5 hours to travel rate, resulting in fee of $25.00.*
3. 12/8/10 – R. Sinha – Travel to NYC for deposition.  *Reduce 2.00 hours to travel rate resulting in fee of $100.00.*
4. 12/8/10 – R. Sinha – Travel home.  *Reduce 1.25 hours to travel rate resulting in fee of 62.50*.
5. 1/11/11 – R. Sinha – Travel to and from Client deposition.  *Reduce 4.0 hours to travel rate resulting in fee of $200.00*.
6. 3/8/11 – R. Sinha – Travel back to office.  *Reduce 1.25 hours to travel rate resulting in fee of $62.50*.
7. 4/14/11 – R. Sinha – Return to office from Conference.  *Reduce 0.50 hours to travel rate resulting in fee of $25.00*.
8. 4/14/11 – R. Sinha  - Travel to Central Islip for pre-motion conference.  *Reduce 1.0 hours to travel rate resulting in fee of $50.00*.

Reducing travel time by 50% results in a further deduction to plaintiff's fee award of $550.00, and a total award of $163,568.75.

**E.      Plaintiff Is Not Entitled To Fees Attributable To Entries That Are  Excessive or Not Sufficiently Specific And Detailed.**

Quarter-hour increments, block billing and non-specific and vague entries require that this Court apply an across-the-board adjustment to plaintiff's fee petition.

Plaintiff's counsel's billing entries are in quarter-hour increments rather than the standard tenth-of-an-hour increments used in the Second Circuit.  Such calculations make it increasingly difficult to analyze what is and is not a reasonable amount of time spent on tasks, and justify an overall reduction in a fee petition. *Lijoi v. Continental Cas. Co. of Chi. & Forbes, Inc.,* 2009 U.S. Dist. LEXIS 130990 (E.D.N.Y. Nov. 17, 2009) (adopting recommendation to reduce fee award based on calculation of hours in quarter-hour increments).  Similarly, plaintiff's counsel routinely utilized block billing rather than identifying the amount of time spent on a particular item.   For these reasons, the Court must reduce plaintiff's fee award.  *Orthopedic Assocs. of 65 Pa. Ave. v. Sedor,* 2011 U.S. Dist. LEXIS 103546 (N.D.N.Y Sept. 12, 2011) (reducing fee award by 10% because of block entries and time tracked in quarter-hour increments).

Specificity is another problem with plaintiff's fee petition. "The applicant should . . . maintain billing time records in a matter that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  At least, "counsel should identify the general subject matter of his time and expenditures." *Id.*  Block billing and billing entries that do not provide the specificity necessary to ascertain whether the amount of time spent was reasonable, can justify a reduction in the fee award. *See Barfield v. N.Y. City Health & Hosps. Corp*., 537 F.3d 132, 139-140 (2d Cir. 2008) (affirming 25% fee reduction based on vague entries); *Manzo*, 2010 U.S. Dist. LEXIS 46036, at *33; *Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) (entries such as "Telephone call with K. Rosenfeld" found to be impermissibly vague); *Kirsch v. Fleet Street, Ltd*., 148 F.3d 149, 173 (2d Cir. 1998) (affirming 20%

across-the-board reduction for vagueness and other deficiencies in attorney billing records); *Dzugas-Smith v. Southold Union Free Sch. Dist.,* 2010 U.S. Dist. LEXIS 101750, 2010 WL 3852003, at *3 (E.D.N.Y. Sept. 27, 2010) (applying 20% across-the-board reduction for "terse and cryptic entries"); *Levy v. Powell,* 2005 U.S. Dist. LEXIS 42180, 2005 WL 1719972, at *8 (E.D.N.Y. July 22, 2005) (reducing all hours by 35% for vagueness, excessiveness, and redundancy of attorney's billing entries).

Plaintiff's counsel's time records are littered with these type of vague and non-specific entries. By way of example:

1. 11/19/09 – .5 - P. Romero - Meeting RS. *This entry lacks the requisite specificity*.

2. 1/5/10 – .25 - R. Sinha - Review e-mail from client  *This entry lacks the requisite specificity*.

3. 1/6/10 – .25 - R. Sinha - Review e-mail from client.  *This entry lacks the requisite specificity*.

4. 2/9/10 – .25 - R. Sinha – Telephone Client. *This entry lacks the requisite specificity*.

5. 3/22/10 – .25 - R. Sinha – Meeting NMF. *This entry lacks the requisite specificity*.

6. 3/26/10 – .25 - R. Sinha – Call client. *This entry lacks the requisite specificity*.

7. 4/7/10 – .25 - R. Sinha – Call client. *This entry lacks the requisite specificity*.

8. 4/7/10 – .50 - N. Frank – Meeting. *This entry lacks the requisite specificity*.

9. 7/6/10 – .25 - R. Sinha – Review documents. *This entry lacks the requisite specificity*.

10. 2/2/11 – 4.0 - R. Sinha – Continue drafting deposition questions. *This entry lacks the requisite specificity and is excessive*.

11. 2/2/11 – 4.5 - R. Sinha – Draft deposition questions. *This entry lacks the requisite specificity*.

12. 2/3/11 – 7.0 - R. Sinha – Draft questions. *This entry lacks the requisite specificity and is excessive*.

13. 2/4/11 – 1.0 - R. Sinha – Final revisions to deposition questions. *This entry lacks the requisite specificity*.

14.    2/24/11 – 5.0 - R. Sinha – Draft letter to Court re: extension to file expert report; file via ECF.  *This entry is excessive.*

15.    3/17/11 – 1.0 - P. Romero – Address Searches - *This entry lacks the requisite specificity*.

16.    3/17/11 – .25 - P. Romero – Call N. Vega.  *This entry lacks the requisite specificity*.

17.    3/17/11 – .25 - P. Romero – Call Quitoga.  *This entry lacks the requisite specificity*.

18.    3/17/11 – .25 - P. Romero – Call D. Cray.  *This entry lacks the requisite specificity*.

19.    3/17/11 – .25 - P. Romero – Call Figrera.  *This entry lacks the requisite specificity*.

20.    3/17/11 – .25 - P. Romero – Call R. Herrara.  *This entry lacks the requisite specificity*.

21.    3/17/11 – .25 - P. Romero – Call Kevin Marin.  *This entry lacks the requisite specificity*.

22.    3/17/11 – .25 - P. Romero – Call Nolasco.  *This entry lacks the requisite specificity*.

23.    3/17/11 – .25 - P. Romero – Call A. Coles.  *This entry lacks the requisite specificity*.

24.    7/26/11 – .50 - N. Frank – Prep for Trial.  *This entry lacks the requisite specificity*.

25.    7/27/11 – .50 - R. Sinha – Provide exhibits used in non-party defendant depositions to opposition counsel; discussion with Ken Goldberg re: Ugatz case.  *This entry lacks the requisite specificity and conversation with counsel regarding separate litigation not chargeable*.

26.    7/27/11 – .50 - R. Sinha – Prep for trial.  *This entry lacks the requisite specificity*.

27.    8/26/11 – 4.0 - P. Romero – Trial preparation.  *This entry lacks the requisite specificity*.

28.    8/29/11 – 4.5 - P. Romero – Trial preparation.  *This entry lacks the requisite specificity*.

29.    8/30/11 – 2.0 - P. Romero – Research.  *This entry lacks the requisite specificity*.

30.    9/2/11 – 6.0 - P. Romero – Trial preparation.  *This entry lacks the requisite specificity*.

31.    9/3/11 – 5.5 - R. Sinha – Prepare for Trial.  *This entry lacks the requisite specificity*.

32.    9/3/11 – 5.5 - P. Romero – Prepare for Trial.  *This entry lacks the requisite specificity*.

33.    9/3/11 – 5.0 - P. Romero – Trial preparation.  *This entry lacks the requisite specificity*.

34.    9/4/11 – 5.5 - R. Sinha – Prepare for trial.  *This entry lacks the requisite specificity*.

35.    9/4/11 – 6.0 - P. Romero – Trial preparation.  *This entry lacks the requisite specificity*.

36.    9/4/11 – 8.0 - E. Sampel – Prepare for trial.  *This entry lacks the requisite specificity*.

37. 9/4/11 – 5.5 - P. Romero – Trial prep. *This entry lacks the requisite specificity*.

38. 9/5/11 – 8.0 - P. Romero – Trial Prep. *This entry lacks the requisite specificity*.

39. 9/5/11 – 8.0 - E. Sampel – Prepare for trial. *This entry lacks the requisite specificity*.

40. 9/5/11 – 10.0 - P. Romero – Trial preparation. *This entry lacks the requisite specificity*.

41. 9/9/11 – 3.5 - E. Sampel – Prepare for trial. *This entry lacks the requisite specificity*.

42. 9/9/11 – 1.0 - N. Frank – Prepare for trial. *This entry lacks the requisite specificity and Mr. Frank did not even appear at trial*.

43. 9/11/11 – 8.0 - E. Sampel – Prepare for trial. *This entry lacks the requisite specificity*.

44. 9/11/11 – 5.5 - P. Romero – Trial prep. *This entry lacks the requisite specificity*.

45. 9/18/11 – 5.0 - E. Sampel – Prepare for trial. *This entry lacks the requisite specificity*.

46. 9/18/11 – 4.5 - P. Romero – Trial prep. *This entry lacks the requisite specificity*.

These entries are representative of all the billing entries by plaintiff's attorneys and are the precise type of vague and non-specific entries that courts consistently reduce. UPS submits that plaintiff's fee award must be reduced by 35% to account for the quarter-hour billing increments, the block billing and the complete lack of specificity in time entries. A 35% reduction of the $163,568.75 fees would yield a fee award of $106,319.69.

## F.  Plaintiff is Not Entitled to an Award of Attorneys' Fees for Non-Legal Tasks

Clerical tasks such as photocopying and file organization are not recoverable attorneys' fees. *Diaz v. Paragon Motors of Woodside, Inc.,* 2007 U.S. Dist. LEXIS 73230, at *33 (E.D.N.Y. Sept. 28, 2007) (excluded clerical tasks from fee award); *Creighton v. Dominican College,* 2011 U.S. Dist. LEXIS 119374 (S.D.N.Y. Aug. 16, 2011) (same). Accordingly, the following entries must be removed from plaintiff's fee award:

1. 3/17/10 – R. Sinha – Organize file. *Reduction of $137.50 from fee award*.

2.      9/17/10 – R. Sinha – Filing.  *Reduction of $68.75 from fee award*.

3.      11/9/10 – R. Sinha – Abacus and Calendar Update.  *Reduction of $68.75 from fee award*.

4.      11/15/10 – R. Sinha – Filing.  *Reduction of $68.75 from fee award*.

5.      2/16/11 – R. Sinha – File away exhibits.  *Reduction of $412.50 from fee award*.

6.      6/16/11 – R. Sinha – Organize files.  *Reduction of $450.00 from fee award*.

7.      9/9/11 – R. Sinha – Prepare Ridolfi exhibits for direct.  *Reduction of $137.50 from fee award*.

8.      9/9/11 – R. Sinha – Prepare exhibits for Gordon direct.  *Reduction of $275.00 from fee award*.

This reduces plaintiff's fee application by another $1,618.75, bringing the proper award of attorneys fees to $104,700.94.

### G.      Plaintiff is Not Entitled to a Full Fee Award Based Upon His Limited Success in this Litigation

The focus of this litigation from its inception has been disability discrimination based on an alleged failure to accommodate.  Plaintiff's original Complaint alleged an array of disability discrimination allegations including failure to accommodate, disability discrimination and disability-based harassment under the ADA and New York State Human Rights law ("NYSHRL").  (Docket Entry #1).  Plaintiff's Amended Complaint added a claim of failure to accommodate under the NYCHRL.  Although plaintiff pled a claim of retaliation under the NYSHRL, this claim has never been the focus of the litigation.  This is reflected by a review of plaintiff's counsel's time entries which contain only three entries pertaining to a retaliation claim.  The balance of plaintiff's counsel's time was spent researching and litigating his primary claim – disability discrimination based upon a failure to accommodate.

Although plaintiff was ultimately successful on his claim of unlawful retaliation at trial, the level of his success as compared to his original and primary claims, and the time expended by

16

counsel, warrants a reduction of the proposed fee award. *Konits c. Valley Stream Cent'l High Sch.*, 350 Fed. Appx. 501 (2d Cir. 2009) (fee award may be reduced based on limited success).

The jury in this matter unanimously found (1) that plaintiff is not disabled within the meaning of the ADA, and (2) UPS made a good faith effort to identify and make reasonable accommodations for plaintiff's impairment.  Accordingly, plaintiff was unsuccessful on his claim of disability discrimination and a reduction of the proposed fee award is required. *Hensley*, 461 U.S. at 428.  In *Hensley*, the United States Supreme Court held that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorneys' fees . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.*

Here, plaintiff's counsel's efforts during discovery and trial were almost entirely focused on the failure to accommodate claim at issue in this litigation.  In fact, plaintiff did not introduce his EEOC Charge into evidence at trial and, the alleged June 12, 2008 letter from plaintiff's attorneys (the basis for his claim of retaliation), was not even listed on plaintiff's proposed trial exhibit list.  Similarly, plaintiff's counsel sought to amend their Complaint to add a NYCHRL failure to accommodate claim – *not* a NYCHRL claim of retaliation. (Docket Entry # 9).  A claim of retaliation under the NYCHRL was never mentioned until *the Court* raised the issue during *in limine* arguments.  (Tr. 9/7/11; 12:4-19:6).  These "oversights" demonstrate that the focus of this litigation has always been plaintiff's disability discrimination causes of action.

In fact, plaintiff's primary focus has been on his claim of failure to accommodate under the ADA, not New York State or City laws.  Plaintiff's initial proposed jury charges made no mention of the New York State or City laws and utilized only the governing standards under the

ADA. (Docket Entry # 45). A review of plaintiff's counsel's time entries reveal continuous discussion and research related to plaintiff's ADA claims. Plaintiff's claim under the ADA was unsuccessful as the jury unanimously held that he was not even disabled within the meaning of the law.

Of the 1,295.5 hours plaintiff's counsel seeks to be compensated for, only 7.75 hours (less than 1%) were spent in relation to plaintiff's claim of retaliation. Notably, the entries which relate to plaintiff's retaliation claim are: (1) 6/15/11 – an entry from R. Sinha pertaining to plaintiff's opposition to UPS' motion for summary judgment; (2) 9/19/11 an entry from J. Santiago on the day of the jury charge conference; and (3) 9/21/11 an entry from J. Santiago for research during jury deliberations. Simply put, the focus of this litigation has never been plaintiff's claim of retaliation.

For these reasons, plaintiff's counsel should not receive their full fee award as requested. In fact, based upon the amount of time actually devoted to plaintiff's disability discrimination claims, and the fact that plaintiff "prevailed" only on his retaliation claim, it would be an error to around more than a nominal percentage of fees to plaintiff's counsel. *Diaz*, 2007 U.S. Dist. LEXIS 73230, at *7 ("Hours spent on the wholly unrelated, unsuccessful claims should not be included in the lodestar amount"); *Barfield v. N.Y. City Health & Hosp. Corp.*, 537 F. 3d 132, 153 (2d Cir. 2008) (affirming 50% reduction where plaintiff failed in her "primary aim").

Based on the above deductions and reductions to plaintiff's proposed hourly rates and time entries, UPS respectfully concludes that the properly reduced attorneys' fees be further reduced by 50% for the limited success, yielding an award to plaintiff's counsel of $52,350.47.

## CONCLUSION

For each and all of the foregoing reasons, defendant United Parcel Service, Inc. respectfully requests that plaintiff's request for attorneys' fees and costs be rejected and denied in its entirety, or, in the alternative, that a reasonable award of no more than $52,350.47 in attorneys' fees be awarded to plaintiff if, and only if, his NYCHRL retaliation claim is sustained.

Day Pitney LLP
Attorneys for Defendant
United Parcel Service, Inc.


By:   s/ Wendy Johnson Lario
         WENDY JOHNSON LARIO
         A Member of the Firm

DATED:  November 7, 2011.