UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOHN WELCH,

                      Plaintiff,                        Civil Action No. 09-CV-4400
                                                                  (ADS) (WDW)

    -against-

UNITED PARCEL SERVICE GENERAL
d/b/a UPS,
                      Defendant.
-------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS


Dated: November 14, 2011

                                                                 FRANK & ASSOCIATES, P.C.
                                                                  Peter A. Romero
                                                                  Rashmee Sinha
                                                                 500 Bi-County Boulevard, 112N
                                                                 Farmingdale, New York 11735
                                                                 (631) 756-0400 Tel.
                                                                 (631) 756-0547 Fax
                                                                promero@laborlaws.com

                                                                *Attorneys for Plaintiff*

Plaintiff John Welch, by his attorneys Frank & Associates, P.C, respectfully submits this Reply Memorandum in further support of his motion for attorneys' fees and costs. On September 23, 2011, the jury returned a unanimous verdict finding in favor of Plaintiff against the Defendant UPS on his claims that UPS unlawfully retaliated against him in violation of the state and city human rights laws and awarded Plaintiff a total of $200,000 in compensatory damages. (See, ECF Doc. 70-16). The jury also found that Plaintiff is an individual with a "disability" within the meaning of the New York State Human Rights Law and the New York City Human Rights Law and that UPS failed to accommodate him with regard to his disability and required him to work in a significantly more difficult work area which would adversely affect his physical conditions.

**<u>Plaintiff is Entitled to An Award of Attorneys' Fees Under the NYCHRL</u>.**

Thus, Plaintiff is the prevailing party in this case and is entitled to attorneys' fees and costs pursuant to the New York City Administrative Code §8-502(f). Defendant contends that Plaintiff is not entitled to recover attorneys' fees because UPS has made a post-trial motion seeking to dismiss Plaintiff's claims under the NYCHRL. However, UPS failed to preserve its post-trial argument regarding the sufficiency of the evidence with respect to the applicability of the NYCHRL. UPS submitted proposed jury instructions that included a cause of action under the City HRL. (ECF Doc. 51). At the conclusion of Plaintiff's case, UPS made a motion for judgment as a matter of law on various grounds, none of which included the applicability of the NYCHRL. After the close of evidence, the Court held lengthy and extensive conferences with the Parties regarding the jury charge and verdict sheet. Not once, did UPS argue that the evidence was insufficient to establish a claim under the NYCHRL.

1

UPS is not entitled to dismissal of Plaintiff's NYCHRL claim based on a legal theory that it did not present at trial. Since UPS failed to raise the issue in its motion for judgment as a matter of law and failed to object to sending Plaintiff's City HRL claim to the jury, it is barred from seeking dismissal in a post-trial motion. *Ramos v. County of Suffolk*, 707 F.Supp.2d 421, 426 (E.D.N.Y. 2010) quoting *Stephenson v. Doe*, 332 F.3d 68, 76 (2d Cir. 2003); *Thorsen v. County of Nassau*, 722 F.Supp.2d 277, 287-90 (E.D.N.Y. 2010); *Health Alliance Network, Inc. v. Continental Casualty Company, CNA*, 245 F.R.D. 121, 124 (S.D.N.Y. 2007).

Moreover, it is beyond dispute that there was sufficient evidence for the jury to find that UPS failed to accommodate Plaintiff under the NYCHRL. The jury specifically requested that a portion of Plaintiff's redirect examination from September 12, 2011 be read back. (Tr. 9/23/11: 1549). Plaintiff's testimony on redirect established that in August 2010, he was assigned to an administrative position in the industrial engineering department in Manhattan ("PAS"), which accommodated his disabilities. (Tr. 9/23/11: 1550-1551). The week before Thanksgiving 2010, UPS reassigned Mr. Welch from the PAS position to the Roosevelt Field Mall and the preload operation, where he was required to move packages. (Tr. 9/23/11: 1551; 1552:16-25; 1553: 1-18; 1554: 19-22). Thus, Mr. Welch was working in Manhattan in a position that accommodated his disabilities when UPS reassigned him to a position that did not accommodate his disabilities. Plaintiff also worked within the boundaries of New York City during the statutory period in September 2009, when he worked at the Foster Avenue facility in Brooklyn during the Jewish holidays and was assigned to work with a driver delivering packages. (Tr. 9/8/11: 190:20-24; 191:11-25; 192:1-2). Plaintiff was assigned to a truck and delivered packages that exceeded the weight restrictions imposed by his physicians, which caused him to feel short of breath, palpitations, dizziness, chest pain, nausea, and fear for his well-being. (Tr. 192:1-18).

There was also sufficient evidence for the jury to find that UPS retaliated against Plaintiff in violation of the NYCHRL. When Mr. Welch first returned to work at UPS in May 2008, he was assigned to conduct safety observations, a position that did not generally require heavy or repetitive lifting and which accommodated Plaintiff's medical restrictions. (Tr. 9/811: 166-167). On June 12, 2008, Plaintiff's attorneys sent a letter to Mr. DiLibero alleging that UPS had failed to accommodate his disabilities. (Tr. 9/19/11:1140-1142). DiLibero summoned Plaintiff to attend a meeting at Foster Avenue in Brooklyn on June 20, 2008. (Tr. 9/8/11:168). Plaintiff was told that the meeting was prompted by his complaints of discrimination. (Tr. 9/811:168:15-21). At the June 20, 2008 meeting in Brooklyn, DiLibero told Mr. Welch that his allegations of discrimination were "false" and that he was going to be "reassigned to the preload operation, the very operation I was taken from prior to that because it did not meet my restrictions." (Tr. 9/8/11: 169:9-17; 170:5-24).

Thus, UPS' post-trial motion to dismiss the NYCHRL claim is procedurally barred and without factual support.

### **Plaintiff Is Entitled To Fees Reasonably Incurred in the Preparation of the Complaint**.

UPS asserts, without citation to any relevant legal authority, that Plaintiff is not entitled to recover fees for any work performed prior to the filing of the Complaint, and contends that Plaintiff's fee award must be reduced by $27,131.25. However, courts routinely include hours spent for the intake and preparation of a complaint. See, *Lynch v. Town of Southampton*, 492 F.Supp.2d 197, 213 (E.D.N.Y. 2007) (allocating thirty-two hours for preparation of the complaint). It is reasonable to award Plaintiff $9,600.00 for the background investigation and other work performed in preparation of the complaint and time spend drafting the complaint (32

hours at $300). Thus, to the extent that Plaintiff's award is reduced for pre-litigation fees, it only should be reduced by $17,531.25 ($27,131.25 - $9,600.00).

**The Hourly Rates Requested Are Reasonable.**

UPS contends that Mr. Romero is an associate, not a partner, and that therefore, the hourly rate for work performed by Mr. Romero should be reduced to $250. First, Mr. Romero is a partner at Frank & Associates, P.C., and is identified as a partner on the firm's business card. (A true and correct copy of Mr. Romero's business card is attached). Mr. Romero served as lead trial counsel in this action. Courts in the Eastern District have often awarded hourly rates in excess of $300 for experienced attorneys in civil rights cases. See, *Wong v. Yoo*, 2010 WL 4137532, at *2 (E.D.N.Y. Oct. 19, 2010) (awarding $375 to solo practitioner in a civil rights case). Hourly rates for partners ranging between $315 and $375 per hour have also been held to be reasonable by Courts in the Eastern District. *General Motors Corporation v. Villa Marin Chevrolet, Inc.*, 240 F.Supp.2d 182, 188 (E.D.N.Y. 2002) (hourly rates for partners ranging between $315 and $375); *Ferrara v. Frank J. Batchelder Transportation LLC*, 2011 WL 4458982 (E.D.N.Y. July 6, 2011) (hourly rate of $370 for partner); *Garis v. UNCUT-RAWTV, Inc.*, 2011 WL 4404035 (E.D.N.Y. July 5, 2011) (recommending hourly rate of $390 for partner); *Dupler v. Costco Wholesale Corp.*, 705 F.Supp.2d 231, 245 n. 10 (E.D.N.Y. 2010) (finding the prevailing hourly rate for partners in the Eastern District to be $300 to $400).

Similarly, UPS contends that the hourly rate for Rashmee Sinha should be $100. Ms. Sinha is the associate who drafted the pleadings, conducted all discovery, prepared Plaintiff's opposition to Defendant's unsuccessful motion for summary judgment, and helped to prepare Plaintiff and other witnesses for trial. Although at the high end of the range for associates, the hourly rate requested for Ms. Sinha is appropriate, in light of the quality of her work and the

excellent result she obtained on behalf of Mr. Welch. See, *Gesualdi v. Giacomelli Tile Inc.*, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010) (finding the prevailing hourly rate for associates between $100 and $295).

Finally, UPS objects to the presence of associate Edward Sample at the trial as "redundant, excessive and unnecessary." Defendant's request for a reduction on the basis of Mr. Sample's presence at trial should be denied, since "[i]t is reasonable and somewhat customary, that a trial attorney be assisted in the preparation and trial of the case." *Lynch*, supra 492 F.Supp.2d at 213. The requested hourly rate of $300 for Mr. Sample is reasonable in light of the fact that he has ten years of experience.

## Travel Time

UPS correctly notes that attorneys' fees for travel time must be reduced by fifty-percent. (Def. MOL at 11). Plaintiff does not dispute that the fees charged for Ms. Sinha's travel time should be reduced by fifty-percent. However, Ms. Sinha's regular hourly rate should be $300, for the reasons explained above.

## Plaintiff's Time Entries Are Sufficiently Detailed.

Even a cursory review of Plaintiff's time records demonstrates that they are sufficiently detailed. In support of its argument that Plaintiff's time records are too vague and non-specific, UPS cites examples of emails and telephone calls between Frank & Associates and Plaintiff; address searches and telephone calls made to various individuals on March 17, 2011; filing; Abacus and Calendar Update; and organization of the file. However, Plaintiff already eliminated from its calculation any entries for time it expended communicating with Plaintiff by telephone and email; the address search and telephone calls made on March 17, 2011; organizing and

5

maintaining the voluminous records in the file, and entering updates on the firm's computerized calendar program. (See Romero Dec. 29).

**The Claims of Disability Discrimination and Retaliation Were Inextricably Intertwined**.

UPS contends that Plaintiff achieved "limited success" in this litigation and that therefore he is not entitled to a full fee award. First, in addition to finding that UPS unlawfully retaliated against Plaintiff in violation of the state and city human rights laws, the jury found: (1) that Plaintiff proved that he was an individual with a "disability" within the meaning of the New York State Human Rights Law and the New York City Human Rights Law; (2) that Plaintiff proved that he was a "qualified individual" within the meaning of the terms as instructed by the Court; and (3) that based on all the evidence presented, Plaintiff proved that UPS failed to accommodate him with regard to his disability and required him to work in a significantly more difficult work area which would adversely affect his physical conditions. Although the jury found for UPS on its Good Faith Affirmative Defense, the defense set forth in 42 U.S.C. §1981a(a)(3) is a limitation on damages only, and if proven, does not mean that UPS did not violate the statute by failing to make reasonable accommodation. By its plain terms, the provision merely limits the damages recoverable in certain ADA cases and does not address the employer's overall liability. *Garza v. Abbott Laboratories*, 940 F.Supp. 1227, fn. 18 (N.D.Ill. 1996). Thus, contrary to UPS's characterization, Plaintiff's success was not "limited.

To the extent that Plaintiff's disability discrimination claims can be deemed unsuccessful, if at all, the successful and unsuccessful claims here are "inextricably intertwined." Therefore, it is within the Court's discretion to award the entire fee. See, *Lynch*, 492 F.Supp.2d at 214, *citing Dominic v. Consolidated Edison Company of New York Inc.*, 822 F.2d 1249, 1259 (2d Cir. 1987); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996).

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion an enter an Order awarding attorneys' fees and costs, and for such other relief as the Court deems just, equitable and proper.

Dated: Farmingdale, New York
November 14, 2011

*Respectfully submitted,*

FRANK & ASSOCIATES, P.C.

By: _____
Peter A. Romero, Esq.
500 Bi-County Boulevard, 112N
Farmingdale, New York 11735
(631) 756-0400 Tel.
(631) 756-0547 Fax
Promero@laborlaws.com

*Attorneys for Plaintiff*

**PETER A. ROMERO, ESQ.**
Partner
promero@laborlaws.com



**FRANK & ASSOCIATES, P.C.**
THE WORKPLACE LAW FIRM

500 Bi-County Blvd. Ste. 112N
Farmingdale, NY 11735
Tel: 631.756.0400
Fax: 631.756.0547
www.laborlaws.com