UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN WELCH,

        Plaintiff,

     - against -

UNITED PARCEL SERVICE INC., d/b/a UPS,

        Defendant.
------------------------------------------------------------X

**JUDGMENT**
CV-09-4400 (ADS)(WDW)

     A Jury Trial having been conducted and a verdict rendered on September 23, 2011 finding that: (1) Plaintiff did not prove that he was an individual with a "disability" within the meaning of the Americans With Disabilities Act; (2) Plaintiff did prove that he was an individual with a "disability" within the meaning of the New York State Human Rights Law and the New York City Human Rights Law ("NYCHRL"); (3) Plaintiff did prove that he was a "qualified individual" within the meaning of the terms as instructed by the Court; (4) Defendant United Parcel Service ("UPS") failed to accommodate him with regard to his disability and required him to work in a significantly more difficult work area which would adversely affect his physical conditions; but that (5) UPS proved by a preponderance of the evidence that it made a good faith effort to identify and provide the Plaintiff with a reasonable accommodation that would allow him to work within restrictions; and that (6) Plaintiff proved that the Defendant required him to work in a significantly more difficult work area which would adversely affect his physical conditions, after he sent a letter to Kevin DiLibero ("DiLibero") at UPS, had a letter sent to DiLibero by his attorney, and filed his EEOC complaint; and that (7) Plaintiff proved that there was a causal connection between the letters sent to DiLibero and the filing of the EEOC complaint and the requirements to work in significantly more difficult work areas; and thus (8) awarding Plaintiff $200,000 in compensatory damages and no punitive damages; and a Memorandum of Decision and Order of Honorable Arthur D. Spatt, United States District Judge,

having been filed on June 30, 2012, granting Defendant's renewed motion for judgment as a matter of law as to the NYCHRL claims, denying Defendant's renewed motion for judgment as a matter of law as to all other claims, denying Defendant's motion for a new trial, denying Defendant's request for a remittitur as to damages, denying Plaintiff's request for a new trial, denying Plaintiff's request for attorneys' fees and costs, and directing the Clerk of Court to close this case upon entry of judgment, it is

**ORDERED AND ADJUDGED** that Plaintiff is awarded $200,000 in compensatory damages and no punitive damages; that Defendant's renewed motion for judgment as a matter of law as to the NYCHRL claims is granted; that Defendant's renewed motion for judgment as a matter of law as to all other claims is denied; that Defendant's motion for a new trial is denied; that Defendant's request for a remittitur as to damages is denied; that Plaintiff's request for a new trial is denied; that Plaintiff's request for attorneys' fees and costs is denied; and that this case is hereby closed.

Dated: Central Islip, New York
July 3, 2012

DOUGLAS C. PALMER
CLERK OF THE COURT

By: /s/ Catherine Vukovich
Deputy Clerk